## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHERYL BROWN<br>            Plaintiff,<br>      v.<br><br>GC SERVICES LIMITED PARTNERSHIP<br>            Defendant. | Civil Action No. _____<br><br><br>COMPLAINT AND DEMAND FOR<br>JURY TRIAL |

## COMPLAINT

### I.    INTRODUCTION

1.      This is an action for damages brought by a consumer pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692 ("FDCPA").  The FDCPA prohibits debt collectors from engaging in deceptive and unfair practices in the collection of a consumer debt.

2.      Defendant debt collector has sent a collection notice to Plaintiff that contradicts and overshadows the validation notice by demanding "payment within 30 days."

3.      Defendant has violated the FDCPA by using false and deceptive representations in the collection of a consumer debt.

### II.    JURISDICTION

4.      Subject matter jurisdiction of this Court arises under 15 U.S.C. §1692k, actionable through 28 U.S.C. §§1331 and 1337.

5.      Venue is proper as defendant regularly does business in this district and has caused harm in this district.

### III.    PARTIES

6.      Plaintiff, Cheryl Brown ("Plaintiff" or "Brown") is a natural person who resides at 5909 Osage Avenue, Philadelphia, PA 19143 and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

7.      Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

8.      Defendant, GC Services Limited Partnership ("Defendant" or "GC Services") is, upon information and belief, a for-profit corporation existing pursuant to the laws of the Texas with a principal place of business located at 6330 Gulfton Street, Houston, Texas 77081.

9.      Defendant regularly engages in the collection of consumer debts using the mails and telephone.

10.      Defendant regularly attempts to collect consumer debts alleged to be due another.

11.      Defendant is a consumer debt collector as defined under 15 U.S.C. §1692(a)(6) of the FDCPA and sought to collect a consumer debt from Plaintiff.

### IV.    STATEMENT OF CLAIM

12.      On January 30, 2015, Defendant GC Services sent Plaintiff a communication in connection with a consumer debt allegedly due Synchrony Bank/Lord and Taylor. (*See* correspondence from GC Services attached hereto as Exhibit A, redacted in part per Fed. R. Civ. P. 5.2).

13.      The collection communication listed an "Balance Due: $4,383.00."

2

14.     The January 30, 2015 letter goes on to state:

By this time you must realize that you are <u>seriously delinquent</u>.

<u>Send us your payment in full</u> in the enclosed envelope. Please include this letter to assure proper credit of your payment.

<u>Remit you balance in full</u>. Please make your check payable to Synchrony Bank. If you have any questions call the telephone number listed above.

<u>Balance Due: $4,383.00</u>.

(*See* Exhibit "A").

15.     Defendant's immediate demand for payment, when read in conjunction with the statutory notice that Plaintiff had thirty days within which to dispute the debt, constituted a breach of 15 U.S.C. § 1692g.

16.     Section 1692g of the FDCPA requires a debt collector to include the following information in a debt collection letter to a consumer:

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a).

17.    Congress enacted the FDCPA "to eliminate abusive debt collection practices" which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." <u>Miller v. Payco-General American Credits, Inc.</u>, 943 F.2d 482, 483-84 (4th Cir.1991) (quoting 15 U.S.C. §§ 1692a and 1692e).

18.    The debt validation provisions of section 1692g were included by Congress to guarantee that consumers would receive adequate notice of their rights under the law. Id. at 484 (citing S.Rep. No. 382, 95th Cong., 1st Sess. 4, 8, reprinted in 1977 U.S.Code Cong. & Admin. News 1695, 1699, 1702).

19.    Thus, in order to comply with the requirements of section 1692g, more is required than the mere inclusion of the statutory debt validation notice in the debt collection letter-the required notice must also be conveyed effectively to the debtor. <u>Swanson v. Southern Oregon Credit Serv., Inc.</u>, 869 F.2d 1222, 1224 (9th Cir.1988); <u>Graziano v. Harrison</u>, 950 F.2d 107, 111 (3d Cir.1991).

20.    Moreover, the validation notice required by the Act "is to be interpreted from the perspective of the 'least sophisticated debtor.'" <u>Graziano</u>, 950 F.2d at 111 (citing <u>Baker v. G.C. Servs. Corp.</u>, 677 F.2d 775, 778 (9th Cir.1982)).

21.    The validation notice must be in print sufficiently large to be read, and must be sufficiently prominent to be noticed. <u>Swanson</u>, 869 F.2d at 1225 (9th Cir.1988).

22.    More importantly for present purposes, the notice must not be overshadowed or contradicted by accompanying messages from the debt collector. There is a reasonable probability that the least sophisticated debtor, faced with an immediate demand for payment

would be induced to overlook her statutory right to dispute the debt within thirty days. Bartlett v. Heibl, 128 F.3d 497 (7th Cir.1997).

23.     A notice of rights, when presented in conjunction with such a contradictory demand, is not effectively communicated to the debtor, especially where the language on the front of a debt collector's letter, when read in conjunction with the statutory debt validation on the reverse side, would make the least sophisticated consumer uncertain as to her rights. Wilson v. Quadramed Corp., 225 F. 3d 350, 357 (3rd Cir. 2000).

## COUNT I
## (FAIR DEBT COLLECTION PRACTICES ACT)

24.     Plaintiff incorporates by reference paragraphs 1 through 23 of this Complaint as fully set forth herein.

25.     Defendant's acts described above violated the Fair Debt Collection Practices Act by sending a letter to the Plaintiff that contradicted and overshadowed the validation notice by demanding "payment within 30 days." 15 U.S.C. § 1692g.

26.     Defendants' actions were unfair and unconscionable means to collect the debt in violation of 15 U.S.C. § 1692f.

27.     Defendants' used false, deceptive, or misleading representations or means in connection with the collection of a consumer debt in violation of 15 U.S.C. § 1692e.

28.     As a direct and proximate result of Defendant's illegal collection efforts and communications, Plaintiff has suffered mental anguish, emotional distress, anger, anxiety, and frustration, fear, embarrassment and humiliation.

29.    As a direct and proximate result of Defendant's illegal collection efforts, Plaintiff

has suffered damages in the form of attorney's fees, costs and expenses.

**WHEREFORE**, Plaintiff, Cheryl Brown prays that judgment be entered against

Defendant GC Services Limited Partnership for the following:

> (a)    Actual Damages;
>
> (b)    Statutory Damages;
>
> (c)    Attorney's fees and costs; and
>
> (d)    Such other and further relief that the Court deems just and proper.

## V.    **JURY DEMAND**

Pursuant to Fed.R.Civ.P. 38, Plaintiff demands trial by jury as to all issues so triable.

Respectfully submitted:

Date: 07/19/2015

STEPHEN M. DUNNE
Attorney ID# 208838
Attorney for Plaintiff
Dunne Law Offices, P.C.
1515 Market Street, Suite. 1200
Philadelphia, PA 19102
Phone: (215) 551-7109
Fax: (215) 525-9721
Email: stephen@dunnelawoffices.com

# EXHIBIT A

PO Box 1389
Copperas Cove TX 76522-5389
RETURN SERVICE REQUESTED



**GC Services Limited Partnership
Collection Agency Division**

(877) 431-3767

<u>SEND PAYMENT TO:</u>

January 30, 2015

Synchrony Bank/Lord and Taylor
PO Box 960035
Orlando FL 32896-0035

██████25       ██████44

Cheryl A Brown
5909 Osage Ave
Philadelphia PA 19143-1119

| | |
|---|---|
| Acct. #: ██████6399 | |
| Balance Due: $4,383.00 | |

***PLEASE DETACH AND RETURN THE UPPER PORTION OF THE STATEMENT WITH YOUR PAYMENT***

RE: Lord and Taylor Credit Card Account

Dear Cheryl A Brown:

Your Lord and Taylor Credit Card Account, which was issued by and owed to Synchrony Bank, has been referred to us for collection.

By this time you must realize that you are seriously delinquent.

Send us your payment in full in the enclosed envelope. Please include this letter to assure proper credit of your payment.

Remit your balance in full. Please make your check payable to Synchrony Bank. If you have any questions call the telephone number listed above.

www.lordandtaylor.com

Sincerely,
C. Kriedler
Collection Manager

Balance Due: $4,383.00                    Acct. #: ██████6399

**NOTICE: SEE THE REVERSE SIDE FOR IMPORTANT CONSUMER INFORMATION**

GC Services Limited Partnership – Collection Agency Division – 6330 Gulfton, Houston, TX 77081

056725-19463660

# GC SERVICES LIMITED PARTNERSHIP

**This Is An Attempt To Collect A Debt And Any Information Obtained Will Be Used For That Purpose.**
CONSUMER INFORMATION:
UNLESS YOU, WITHIN THIRTY (30) DAYS AFTER YOUR RECEIPT OF GC SERVICES' INITIAL WRITTEN NOTICE TO YOU
CONCERNING THIS DEBT, DISPUTE THE VALIDITY OF THE DEBT, OR ANY PORTION THEREOF, THE DEBT WILL BE
ASSUMED TO BE VALID BY GC SERVICES. IF YOU NOTIFY GC SERVICES IN WRITING WITHIN THE ABOVE DESCRIBED
THIRTY (30) DAY PERIOD THAT THE DEBT, OR ANY PORTION THEREOF, IS DISPUTED, GC SERVICES WILL OBTAIN
VERIFICATION OF THE DEBT OR A COPY OF A JUDGMENT AGAINST YOU AND A COPY OF SUCH VERIFICATION OR
JUDGMENT WILL BE MAILED TO YOU BY GC SERVICES. UPON YOUR WRITTEN REQUEST WITHIN THE ABOVE DESCRIBED
THIRTY (30) DAY PERIOD, GC SERVICES WILL PROVIDE YOU WITH THE  NAME AND ADDRESS OF THE ORIGINAL
CREDITOR, IF DIFFERENT FROM THE CURRENT CREDITOR.
THE DEMANDS FOR PAYMENT IN THIS LETTER DO NOT REDUCE YOUR RIGHTS TO DISPUTE THIS DEBT, OR ANY PORTION
THEREOF, AND/OR TO REQUEST VERIFICATION WITHIN THE THIRTY (30) DAY PERIOD AS SET FORTH ABOVE.

ESTE ES UN INTENTO PARA COBRAR UNA DEUDA Y CUALQUIER INFORMACION OBTENIDA SERA USADA CON ESE
PROPOSITO.
INFORMACION AL CONSUMIDOR:
A MENOS QUE USTED, DENTRO DE LOS TREINTA (30) DIAS DE RECIBIR NOTIFICACION ESCRITA INICIAL RELATIVA A ESTA
DEUDA, DISPUTE LA VALIDEZ DE LA DEUDA, O CUALQUIER PARTE DE LA MISMA, LA DEUDA SERA ASUMIDA COMO VALIDA
POR GC SERVICES. SI USTED NOTIFICA A GC SERVICES POR ESCRITO DENTRO DEL ANTES MENCIONADO PERIODO DE
TREINTA (30) DIAS, QUE LA DEUDA, O CUALQUIER PORCION DE LA MISMA, ES CUESTIONADA, GC SERVICES OBTENDRA
VERIFICACION DE LA DEUDA O UNA COPIA DE DICHA VERIFICACION O DICTAMEN. SI USTED LO SOLICITA POR ESCRITO
DENTRO DEL ANTES MENCIONADO PERIODO DE TREINTA (30) DIAS, GC SERVICES LE COMUNICARA EL NOMBRE Y
DIRECCION DEL ACREEDOR ORIGINAL, SI FUERA DISTINTO DEL ACREEDOR ACTUAL.
LAS DEMANDAS DE PAGO DE ESTA CARTA NO REDUCEN SUS DERECHOS DE DISPUTAR ESTA DEUDA, O CUALQUIER
PORCION DE LA MISMA, Y/O A SOLICITAR VERIFICACION DENTRO DEL PERIODO DE TREINTA (30) DIAS ANTES
MENCIONADO.
**California Residents:** The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act
require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass
you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call
you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not
tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your
location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission
at 1-877-FTC-Help or www.ftc.gov.
**Colorado Residents:** For Information about the Colorado Fair Debt Collection Practices Act, see
WWW.COLORADOATTORNEYGENERAL.GOV/CA. GC Services, 6920 S. Holden, Houston, TX 77081. A consumer has the right to
request in writing that a debt collector or collection agency cease further communication with the consumer. A written request to cease
communication will not prohibit the debt collector or collection agency from taking any other action authorized by law to collect the
debt. GC Services Colorado office: 621 Seventeenth Street, Suite 2400, Denver, CO 80293, Toll Free 855-413-3038.
**Idaho Residents:** Veronica Sanchez (800) 275-8966
**Massachusetts Residents:** 5230 Washington Street, West Roxbury, MA 02132. You may call us collect or at the toll free phone
number shown on this or the reverse side of this letter, 8:00 a.m. – 9:00 p.m. If you notify this office within 30 days after receiving this
notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt and provide to you, or
any attorney representing you, additional information described in 940 CMR 7.08(2).
**Maine Residents:** 6330 Gulfton Drive, Houston TX 77081
You may call us collect or at the toll free phone number shown on this or the reverse side of this letter, 8:00 a.m. – 9:00 p.m. CST.
**Minnesota Residents:** This collection agency is licensed by the Minnesota Department of Commerce.
**North Carolina Department of Insurance**
Permit Numbers: Columbus-110972;Copperas Cove-111132;Elgin-110992;Irwindale-111012;Jacksonville-110952;Knoxville-
110932;Oklahoma-111032;Phoenix-111052;San Antonio-111072;San Diego-111152;St. Louis-111092;Tucson-111112;Houston-
839;Huntington-101307.
**NYC Residents:** NYC Department of Consumer Affairs' specific license # varies as to city/state location of sender:
Elgin – 0982208;Houston – 0808863;Jacksonville – 0907265;San Antonio – 0982214;Columbus – 0982207;Huntington –
1451628;Knoxville – 0982209;San Diego – 0982215;Copperas Cove – 0907256;Irwindale – 0982219;Oklahoma – 0982212;St. Louis –
0907261;Phoenix – 0982213;Tucson – 1251383
**Tennessee Residents:** This collection agency is licensed by the Collection Service Board of the Department of Commerce and
Insurance.
**Texas Residents:** GC Services Limited Partnership, 6330 Gulfton Drive, Houston, TX 77081.
**Washington local office:** 926 North 14th Street, Mt. Vernon, WA 98273.
**Wisconsin Residents:** This collection agency is licensed by the Division of Banking in the Wisconsin Department of Financial
Institutions, www.wdfi.org.

GC Services Limited Partnership   6330 Gulfton, Houston, TX 77081